# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60326
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 12, 2016

Lyle W. Cayce
Clerk

CHESAPEAKE ENERGY CORPORATION, and its wholly owned subsidiary
Chesapeake Operating, Incorporated,

Petitioner/Cross–Respondent,

v.

NATIONAL LABOR RELATIONS BOARD,

Respondent/Cross–Petitioner.

On Petition for Review and Cross-Application for Enforcement of an Order
of the National Labor Relations Board
NLRB No. 14-CA-100530

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Chesapeake Energy Corp. and its wholly owned subsidiary, Chesapeake
Operating, Inc. (collectively, Chesapeake), have petitioned for review of an
order of the National Labor Relations Board (NLRB or Board). For the reasons
that follow, we grant the petition for review in part and enforce the Board's
order in part.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 15-60326

**I**

Chesapeake requires its employees to sign a mandatory arbitration agreement. That agreement provides, among other things, that employees "shall have no right or authority for any dispute to be brought, heard or arbitrated as a class or collective action" and "must pursue any claims that they may have solely on an individual basis through arbitration."

Bruce Escovedo worked for Chesapeake as a reservoir engineering manager and signed the arbitration agreement in 2011. Two years later, he filed a charge with the NLRB, alleging that the agreement "unlawfully precludes collective legal activity and interferes with employees' access to the NLRB." The NLRB regional director then issued a complaint and notice of hearing against Chesapeake, charging that the agreement violated section 8(a)(1) of the National Labor Relations Act (NLRA or Act) by restraining employees in the exercise of their rights guaranteed by section 7 of that Act.[1] The parties waived their right to a hearing and instead filed a joint motion and stipulation of facts for consideration by an administrative law judge (ALJ).

The ALJ concluded that requiring employees to sign the agreement constituted an unfair labor practice. On review, the Board agreed. The Board concluded that the arbitration agreement violated section 8(a)(1) of the Act for two reasons: first, it would be reasonably construed as prohibiting employees from filing unfair labor practice charges with the Board, and second, it required employees to waive their rights to engage in class or collective employment actions in all forums. Chesapeake petitioned for review and the Board filed a cross-application for enforcement of its order.[2]

---

[1] *See* 29 U.S.C. §§ 157, 158(a)(1).
[2] *See* 29 U.S.C. § 160(e), (f).

2

No. 15-60326

## II

Section 7 of the NLRA provides that employees have the right to engage in "concerted activities for the purpose of collective bargaining or other mutual aid or protection."[3] Section 8(a)(1) provides that "to interfere with, restrain, or coerce employees in the exercise" of that right is an unfair labor practice.[4] The NLRB has the power to prevent any person from engaging in such unfair labor practices, although it must petition an appropriate court of appeals for enforcement of its orders.[5]

As an initial matter, Chesapeake does not dispute that the Board's order should be enforced in one respect. The Board held that the arbitration agreement violates section 8(a)(1) of the NLRA because employees "would reasonably construe the Agreement to prevent them from filing Board charges." Chesapeake "respectfully disagrees," but "has no objection to enforcement of the portion of the Board's order related solely to clarifying that the Agreement does not preclude filing charges with the Board." We will thus enforce that portion of the order.

The parties also agree that enforcement of the remainder of the Board's order is precluded by this court's decision in *D.R. Horton, Inc. v. NLRB*.[6] There, we considered a dispute-resolution agreement that "required employees to waive their right to maintain joint, class, or collective employment-related actions in any forum."[7] The Board had found the agreement contrary to section 8(a)(1) of the NLRA and ordered Horton to rescind or revise it, but this court reversed the Board's order in relevant part as contrary to the Federal

---

[3] 29 U.S.C. § 157.

[4] *Id.* § 158(a)(1).

[5] *Id.* § 160(a), (e).

[6] 737 F.3d 344 (5th Cir. 2013).

[7] *Id.* at 349.

3

No. 15-60326

Arbitration Act (FAA).[8] Here, the Board vigorously argues that its position is fully consistent with the FAA and urges this court to reconsider its decision in *D.R. Horton*. But because "[t]his court's rule of orderliness prevents one panel from overruling the decision of a prior panel,"[9] we simply note that no intervening change in the law permits reconsideration of our precedent.[10] For this reason, we grant Chesapeake's petition for review insofar as the Board's order addresses the provision of the agreement waiving the right to pursue class or collective actions.

*     *     *

Chesapeake's petition for review of the Board's decision is GRANTED, and the Board's decision is ENFORCED IN PART. The Board's decision that the arbitration agreement violates section 8(a)(1) of the NLRA because an employee would reasonably interpret the agreement as prohibiting the filing of an unfair labor practice charge is ENFORCED.

---

[8] *Id.* at 349, 355-62; *see also Murphy Oil USA, Inc. v. NLRB*, No. 14-60800, 2015 WL 6457613 (5th Cir. Oct. 26, 2015) (granting petition for review in similar circumstances).

[9] *McClain v. Lufkin Indus.,* 649 F.3d 374, 385 (5th Cir. 2011).

[10] *See United States v. Traxler*, 764 F.3d 486, 489 (5th Cir. 2014).