# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60913
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2016

Lyle W. Cayce
Clerk

CITI TRENDS, INCORPORATED,

Petitioner/Cross-Respondent

v.

NATIONAL LABOR RELATIONS BOARD,

Respondent/Cross-Petitioner

On Petition for Review and Cross-Application
for Enforcement of an Order of the
National Labor Relations Board
NLRB No. 10-CA-133697

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

A panel of the National Labor Relations Board declared Petitioner/Cross-Respondent Citi Trends, Incorporated's Mandatory Arbitration Agreement unlawful because it "requires employees to waive their right to maintain class or collective actions in all forums, whether arbitral or judicial." Citi Trends

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60913

petitions for review of the Board's order. The Board has filed a cross-application for enforcement of its order.

The Board concedes, as it must, that its order contravenes our published decisions in *D.R. Horton, Inc. v. NLRB*[1] and *Murphy Oil USA, Inc. v. NLRB*,[2] which hold that "an employer does not engage in unfair labor practices by maintaining and enforcing an arbitration agreement prohibiting employee class or collective actions and requiring employment-related claims to be resolved through individual arbitration."[3] Although the Board asks us to reconsider our holdings in *D.R. Horton* and *Murphy Oil*, this Court is bound by its prior published decisions.[4]

Citi Trends's petition for review of the Board's order is therefore GRANTED. The Board's cross-application for enforcement of its order is hereby DENIED.

---

[1] 737 F.3d 344 (5th Cir. 2013).

[2] 808 F.3d 1013 (5th Cir. 2015).

[3] *Id*. at 1016 (citing *D.R. Horton*, 737 F.3d at 362).

[4] *Chesapeake Energy Corp. v. NLRB*, 633 F. App'x 613, 615 (5th Cir. 2016) ("[T]he Board vigorously . . . urges this court to reconsider its decision in *D.R. Horton*. But because this court's rule of orderliness prevents one panel from overruling the decision of a prior panel, we simply note that no intervening change in the law permits reconsideration of our precedent." (internal citations, quotation marks, and brackets omitted)).