# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60386
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

December 13, 2016

Lyle W. Cayce
Clerk

JACK IN THE BOX, INCORPORATED,

Petitioner Cross-Respondent

v.

NATIONAL LABOR RELATIONS BOARD,

Respondent Cross-Petitioner

On Petition for Review and Cross-Application
for Enforcement of an Order of the
National Labor Relations Board
NLRB No. 32-CA-145068

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

In this Petition for Review and Cross-Application for Enforcement of the Order of the NLRB ("Board"), the parties' respective summaries of their arguments set forth in their briefs to this court serve to articulate our disposition of this matter. The "Summary of the Argument" of Petitioner Cross-Respondent states:

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60386

The Board's Decision ignores the Supreme Court's binding analytical framework and the precedent of this Court. In at least three cases, along with a slew of granted summary dispositions, this Court has considered whether arbitration agreements with class and collective action waivers are permissible under the NLRA. In all cases, with slight variations, it has upheld the agreements. *See, e.g., D.R. Horton, Inc. v. NLRB,* 737 F.3d 344 (5th Cir. 2013); *Murphy Oil USA v. NLRB*, 808 F.3d 1013 (5th Cir. 2015); *Chesapeake Energy Corp. v. NLRB,* No. 15-60326, 2016 WL 573705, at 2 (5th Cir. February 12, 2016). This Court has repeatedly explained that in deciding these cases, the NLRB has failed to give proper deference to policies favoring arbitration under the FAA. Moreover, this Court has provided the Board clear guidance on the boundaries of lawfulness for specific verbiage of those agreements. Despite this, the Board continues to issue decisions based on its rejected precedent. In addition, in finding JIB's confidentiality rule in this case to be unlawful, the NLRB failed to follow its own precedent and to consider the actual verbiage of the rule at issue.

As set forth below, the Board erred in its Decision. JIB's Agreement— which by the Board's own words was never alleged to be enforced— does not violate the NLRA. JIB respectfully requests that its Petition for Review be granted, and the Board's Order not be enforced.

The salient concession in the Board's Decision and Order reads:

The Board has considered the decision and the record in light of the exceptions and briefs and, based on the judge's application of *D.R. Horton* and *Murphy Oil*, has decided to affirm the judge's rulings, findings,[1] and conclusions as amended, and to adopt the recommended Order, as modified and set forth in full below . . .

---

[1] The Respondent contends that its Arbitration Agreement includes an exemption allowing employees to file charges with administrative agencies and thus does not, as in *D.R. Horton*, unlawfully prohibit them from collectively pursuing litigation of employment claims in all forums. We reject this argument for the reasons set forth in *SolarCity Corp.*, 363 NLRB No. 83, slip op. at 2-4(2015).

In finding the Arbitration Agreement unlawful, we do not rely on *Supply Technologies, LLC*, 359 NLRB No. 38 (2012), cited by the judge.

2

## No. 16-60386

Given the Board's candid concession, we GRANT Jack In The Box, Incorporated's Petition for Review, REVERSE the Board's decision adverse to Jack In The Box, Incorporated, and DENY the Board's Cross-Application for Enforcement.